UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

ANDREW J. SMITH      :
                     :
v.                   :      C.A. No. 18-00621-WES
                     :
STATE OF RHODE ISLAND :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States District Court

Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B)) is the State's Motion to Dismiss. (ECF Doc. No. 12). Petitioner Andrew J. Smith objects. (ECF Doc. No. 14). For the reasons outlined below, I recommend that the State's Motion to Dismiss be GRANTED.

**Background**

Since late 2017, Petitioner has filed ten civil actions in this District. All of his filings relate to Rhode Island State Court divorce and criminal proceedings involving Petitioner. To date, seven of the ten cases have been dismissed for failing to state viable federal claims or for other pleading deficiencies.

In the instant case, Petitioner alleges that his state court conviction and sentence for possession of child pornography is unconstitutional, and he asks this Federal Court to vacate the state sentence and award him compensatory and punitive damages against the State for "unconstitutionally incarcerating [him]." (ECF Doc. No. 1 at p. 19). On February 15, 2019, Chief Judge William E. Smith confirmed that this action is properly treated as one seeking habeas relief under 28 U.S.C. § 2254 citing Preiser v. Rodriguez, 411 U.S. 475, 489 (1973) ("[A] state prisoner

challenging his underlying conviction and sentence on federal constitutional grounds in a federal court is limited to habeas corpus."). The State now moves to dismiss this habeas corpus action because Petitioner has not exhausted his state court remedies as required by 28 U.S.C. § 2254(b)(1)(A). (ECF Doc. No. 12).

**Discussion**

Section 2254(b)(1) and (c) codifies the exhaustion requirement in habeas cases brought by state prisoners; that section provides:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in the courts of the State;
>
> * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

The United States Supreme Court has explained that this section mandates that a state prisoner "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). The petitioner bears a "heavy burden" to demonstrate satisfaction of the exhaustion requirement. Coningford v. Rhode Island, 640 F.3d 478, 482 (1st Cir. 2011); Barresi v. Maloney, 296 F.3d 48, 51 (1st Cir. 2002); Adelson v. DiPaola, 131 F.3d 259, 262 (1st Cir. 1997). Failure to shoulder this burden "is ordinarily fatal to the prosecution of a federal habeas case." Coningford, 640 F.3d at 482; see also Jackson v. Coalter, 337 F.3d 74, 86 (1st Cir. 2003).

The exhaustion doctrine requires a habeas petitioner to "fairly present" his federal constitutional claim to the state courts, "thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004); see also Fortini v. Murphy, 257 F.3d 39, 44 (1st Cir. 2001). The "substance" of the claim, Picard v. Connor, 404 U.S. 270, 278 (1971) – in other words, "both the factual and legal underpinnings of [the] claim," Nadworny v. Fair, 872 F.2d 1093, 1096 (1st Cir. 1989) – must be presented. See Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam).

In this case, the record is clear that Petitioner has not exhausted his state court remedies. Petitioner's direct appeal of his State possession of child pornography conviction remains pending in the Rhode Island Supreme Court. See State v. Andrew Smith, Case No. SU-2018-0064-CA (ECF Doc. No. 12-2). Petitioner filed a lengthy Objection to the State's Motion to Dismiss which focuses on his positions that R.I. Gen. Laws § 11-9-1.3 (criminalizing possession of child pornography) is unconstitutional, violative of the First Amendment, and a prohibited act of censorship. (See ECF Doc. No. 14). He also challenges the factual basis for the jury's guilty verdict. Id. Petitioner completely fails to address the State's failure to exhaust argument or to rebut the State's showing that he has not yet exhausted his state court remedies. In fact, Petitioner appends a copy of the "Pre-Brief" his appellate counsel filed with the Rhode Island Supreme Court in connection with his pending appeal. (ECF Doc. No. 14-1). Since the record is clear and unrebutted that Petitioner has not presently exhausted his state court remedies with respect to the 2018 state conviction under attack in this case, this Court must dismiss this action pursuant to 28 U.S.C. § 2254(b)(1)(A) as a premature and unexhausted habeas corpus petition, and I so recommend.

**Conclusion**

For the foregoing reasons, I recommend that the State of Rhode Island's Motion to Dismiss this habeas corpus action as unexhausted (ECF Doc. No. 12) be GRANTED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 27, 2019