UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
ANDREW J. SMITH,                    )
                                    )
        Petitioner,                 )
                                    )
    v.                              )   C.A. No. 18-621 WES
                                    )
                                    )
STATE OF RHODE ISLAND,              )
                                    )
        Respondent.                 )
_____)

**MEMORANDUM & ORDER**

WILLIAM E. SMITH, Chief Judge.

Before the Court is Magistrate Judge Lincoln D. Almond's Report and Recommendations, ECF No. 16, recommending that the State's Motion to Dismiss the Petition of Andrew J. Smith for a Writ of Habeas Corpus by a person in state custody under 28 U.S.C. § 2254, ECF No. 12, be granted. Plaintiff filed timely objections. For the reasons that follow, Plaintiff's objections are overruled, and the Court adopts Magistrate Judge Almond's recommendations. The Motion to Dismiss is GRANTED, and the Petition is DENIED and DISMISSED.

I.  Background

In November 2017, Petitioner Andrew J. Smith was convicted in Rhode Island Superior Court for possession of child pornography under R.I. Gen. Laws § 11-9-1.3(a)(4) and 11-9-1.3(b). Mem. of Law in Supp. of Resp't State of R.I.'s Mot. to Dismiss 1 ("State's

Mem."), ECF No. 12. Smith was sentenced to five years at the A.C.I. with three years to serve. Id. He has appealed his conviction to the Rhode Island Supreme Court. See State v. Smith, Case No. SU-2018-0064-CA, ECF No. 12-2. The appeal is still pending. See id.

Here, Smith has filed a habeas corpus petition alleging that his conviction and sentence for possession of child pornography are unconstitutional. See Compl. 1-2, ECF No. 1; R.& R. 1, ECF No. 16. The State moved to dismiss the Petition on the basis that Smith had not exhausted his state court remedies as required by 28 U.S.C. § 2254(b)(1)(A). State's Mem. 2. Upon review, Magistrate Judge Lincoln D. Almond recommended that the State's motion be granted on those grounds. R. & R. 3.

II. Discussion

Pursuant to Section 2254(b)(1)(A), an application for a Writ of Habeas Corpus can only be granted if "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). As Magistrate Judge Almond correctly identifies in his Report and Recommendation, the U.S. Supreme Court has stated that the purpose of the "exhaustion" requirement is to give state courts the opportunity to act on claims before a state prisoner presents those claims to federal court. R. & R. 2 (citing O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)). Thus, a failure

2

to exhaust in state court is generally "fatal" to the petition. Jackson v. Coalter, 337 F.3d 74, 86 (1st Cir. 2003).

Here, the Court concurs with Magistrate Judge Almond's finding that Smith's Petition should be dismissed because he has not exhausted all his state court remedies. See R. & R. 3. Specifically, the Rhode Island Supreme Court has yet to rule on Smith's pending appeal of his conviction and sentence for possessing child pornography. See State v. Smith, Case No. SU-2018-0064-CA. Although Smith objected to both the State's Motion to Dismiss and Magistrate Judge Almond's Report and Recommendation, he entirely fails to address or even acknowledge the exhaustion issue. See Resp. to Def.'s Mot., ("Pet'r Mem."), ECF No. 14; Obj. to R. & R., ECF No. 17.

The record is clear and unrebutted. Smith has not exhausted his state court remedies. Thus, his petition must be dismissed.

III. Conclusion

Having overruled Smith's objections, the Court ACCEPTS Magistrate Judge Almond's Report and Recommendations, ECF No. 16. Pursuant to 28 U.S.C. § 636(b)(1), the Court adopts Magistrate Judge Almond's recommendations and reasoning. The Court therefore GRANTS the State's Motion to Dismiss, ECF No. 12, and DENIES and DISMISSES Smith's Petition for Writ of Habeas Corpus, ECF No. 1.

RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts, this Court hereby finds that this case is not appropriate for the issuance of a certificate of appealability (COA) because Smith has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2).

Smith is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. See Rule 11(a), Rules Governing Section 2254 Proceedings.

IT IS SO ORDERED.

/s/ William E. Smith

William E. Smith
Chief Judge
Date: July 23, 2019